**Felicisimo Lubuid ANGELES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71555.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

62

Claro L. Mamaril, Esq., Mamaril & Mamaril, Vallejo, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM**

Felicisimo Lubuid Angeles, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing the appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's conclusion that the anonymous death threats Angeles received in 1993 and witnessing the murder of his father do not rise to the level of past persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (holding that death threats standing alone do not constitute past persecution), and that Angeles failed to demonstrate an objective basis for fearing future persecution, *see Khourassany v. INS*, 208 F.3d 1096, 1100–01 (9th Cir.2000).

Angeles, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard for withholding of deportation. *See id.* at 1101.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Angeles's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED.**